Commonwealth *v.* Collins, Appellant.

126

Argued March 17, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Carl A. Wiker,* for appellant.

*W. Hensel Brown, Jr.,* for Commonwealth, and East Lampeter Township, appellee.

OPINION BY ERVIN, J., April 14, 1964:

In a summary proceeding before a justice of the peace, the defendant, Robert Collins, was found guilty

of the following charges: "(1) Installing an on-lot sewage disposal system on property owned by the Defendant in the Township without East Lampeter Township Form No. 2 which becomes a part of East Lampeter Township Permit after percolation tests have been completed and which shows necessary information for the installation of an on-lot sewage disposal system, and

"(2) Installing an on-lot sewage disposal system without percolation tests, and

"(3) Completely covering up his disposal system making an inspection thereof impossible, and

"(4) Installing a part of his disposal system deeper than specified in East Lampeter Township Ordinance No. 4 and than specified by the Commonwealth of Pennsylvania, Department of Health, all in violation of Section 5 of Ordinance No. 4 of East Lampeter Township."

After paying a fine of $25.00 on each charge, plus the costs of prosecution, under protest, the defendant posted bail and appealed to the court below, after allowance of the appeal by the said court. After hearing, the court below found the defendant guilty as charged. The defendant then took this appeal.

Counsel for appellant first argues that the ordinance is in such vague and indefinite terms that appellant could not determine what was prohibited and that the ordinance therefore violated the due process clauses of the Pennsylvania and Federal Constitutions. While the ordinance could not be recommended as a model, we do believe that it was sufficiently clear as to the acts prohibited.

Section 5 of the ordinance is as follows: "*Individual Sewerage Systems.* The Sanitary Board shall administer and enforce the rules and regulations of the Pennsylvania Department of Health regulating individual sewerage systems; and the regulations entitled 'House-

hold Sewerage Disposal for Rural and Suburban Areas' and as amended, which shall be construed to be mandatory and carrying the force of law plus the following:

"(a) No person shall construct or reconstruct any individual sewerage system without first obtaining a permit from the Sanitary Board."

The authority of the township to regulate the installation of sewage systems is found in §1901-A of The Second Class Township Code, 53 PS §66951, which provides that the administration of the health laws in townships may be enforced by the sanitary board or by a sanitary officer appointed by the township supervisors. Section 1906-A, 53 PS §66956, gives power to the board or a sanitary officer "to enforce the laws of the Commonwealth, the regulations of the State Department of Health, and to make and enforce such additional rules and regulations . . . for the construction and maintenance of housedrains, wash-pipes, soil-pipes and cesspools."

On November 6, 1961 the defendant obtained an incomplete permit for the construction of a sewerage system and paid the required fee of $3.00 therefor. The permit, inter alia, stated "Soil absorption test will be conducted on or about (date) _____ to determine drain disposal thought necessary for sufficient sewage drainage. You will be advised of the result of this test as soon as it is completed." In the blank space was written "Will Call." The defendant was told by the sanitary officer that a percolation test was necessary and that he was to call the sanitarian when he was ready to have the test made. After the call the sanitarian would then make the test and a second form was to be issued to the defendant showing the required length of the drain field and completing the permit authorizing the construction of a sewage system. The defendant constructed the system and then asked the sanitarian

to inspect it. When the sanitarian came to inspect it, he found the system had been completed and entirely covered over. The second part of the permit was never issued because the absorption test had never been made as required in the permit issued to the defendant. On the back of the permit which the defendant originally obtained was the following: "Following are requirements recommended by the Pennsylvania State Health Department pertaining to the installation of sewage disposal and water supply systems which are embodied in the East Lampeter Township Sanitary Ordinance No. 4 and approved by the East Lampeter Township Supervisors, July 11, 1960 and became law in East Lampeter Township ten days thereafter.

"These requirements shall not be construed or interpreted as being complete in detail or in entirety. They are embodied here for the purpose of information for anyone who may have use for the form on the reverse side.

"Requirements for Disposal Field (New Construction) . . . Maximum depth of lines    36 in. . . .

"The above shows certain maximum and minimum requirements of ordinance. Actual capacity of disposal field shall be determined by absorption tests conducted by Sanitary Officer."

An inspection by the sanitary officer showed that the lines had been installed in some places six feet below the surface of the ground, contrary to the above mentioned provision.

The ordinance expressly provides for the administration of the rules and regulations of the Pennsylvania Department of Health regulating individual sewerage systems and further provides that those rules and regulations shall be "mandatory and carrying the force of law. . . ." When the rules and regulations of the Department of Health, which were expressly made part

of the ordinance, are read, they provide a clear program for the construction of the sewerage system.

We are not impressed by the argument that there was an unlawful delegation of legislative power in this case. "While the legislature cannot delegate its power to make a law, it can enact a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." *Com. v. Cabell*, 199 Pa. Superior Ct. 513, 185 A. 2d 611.

It is also true that the statute must set forth standards, policies and limitations on such delegated powers which must be complied with: *Com. v. Reitz*, 156 Pa. Superior Ct. 122, 39 A. 2d 522; *Holgate Bros. Co. v. Bashore*, 331 Pa. 255, 200 A. 672.

In the present case the legislature has provided that the health laws in the townships may be enforced by a sanitary board or by a sanitary officer appointed by the supervisors of the township. The act carefully provides the standards, restrictions and limitations within which the board or sanitary officer must act. What was said in *Tate Liquor License Case*, 196 Pa. Superior Ct. 193, 173 A. 2d 657, at page 199, is applicable to the present case: "As our civilization has become more complex, there have been more 'things upon which wise and useful legislation must depend, which cannot be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation.'"

Judgment of sentence affirmed.